*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* H. V. ABDUL-JABARRI, Minor.

UNPUBLISHED
August 17, 2023

No. 364400
Wayne Circuit Court
Family Division
LC No. 2022-000030-NA

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court's order terminating her parental rights to the minor child, HAJ, under MCL 712A.19b(3)(j) (reasonable likelihood that the child will be harmed if returned to parent), (k)(*v*) (parent's abuse of child included life-threatening injury), and (k)(*vi*) (parent's abuse of child included murder or attempted murder). We affirm.

## I. FACTUAL BACKGROUND

Respondent is the biological mother of HAJ and her brother, MAJ, who is now deceased. In January 2022, petitioner, the Department of Health and Human Services (DHHS) filed a permanent custody petition stating that mother neglected to care or provide support for HAJ and MAJ, and that her home was unfit for the children. The petition alleged that mother suffered from mental health issues, and that she repeatedly stabbed HAJ and MAJ with a knife during an incident on January 1, 2022. At the time, HAJ was three years old, and MAJ was one year old. Mother also strangled MAJ while sitting on top of him during the incident. Both children were hospitalized. MAJ was not expected to live. The petition alleged it was contrary for both children to remain in mother's care because of her ongoing mental health issues and the severe physical abuse inflicted on HAJ and MAJ. After the petition was filed, MAJ died from his injuries.

The trial court exercised jurisdiction over HAJ in October 2022. In December 2022, a termination hearing was held. The court concluded that termination of mother's parental rights was appropriate under MCL 712A.19b(3)(b)(*j*), (k)(*v*), and (k)(*vi*). Additionally, the court found that the termination was in HAJ's best interests, despite the fact that she had been placed with a caregiver who was a biological relative. The court subsequently entered an order terminating mother's parental rights to HAJ.

## II. ANALYSIS

## A. BEST INTERESTS

Mother argues that the trial court erred by determining that the termination of her parental rights was in HAJ's best interests under MCL 712A.19b(5). We disagree.

"Whether termination of parental rights is in the best interest of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's findings and ruling that termination is in the child's best interests for clear error. *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011). "A finding is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Moss*, 301 Mich App at 80 (quotation marks and citation omitted).

"The trial court should weigh all the evidence available to determine the children's best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (citation omitted). In making a best-interest determination, the court should consider such factors as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id*. (quotation marks and citation omitted). The trial court may also consider the child's well-being while in care and the possibility of adoption. *Id*. at 714 (citation omitted). Additionally, "the fact that a child is living with relatives when the case proceeds to termination is a factor to be considered in determining whether termination is in the child's best interests." *In re Olive/Metts*, 297 Mich App 35, 43; 823 NW2d 144 (2012) (citation omitted). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Mother's contention that the trial court erred by finding that termination was in HAJ's best interests lacks merit. DHHS presented evidence that mother stabbed both HAJ and MAJ in the throat and strangled MAJ while sitting on him. HAJ, who was three years old at the time, suffered severe wounds to her throat and required surgery to repair the damage. MAJ, who was one year old, was hospitalized for an extended period and needed to be hooked up to a ventilator in order to breathe. He later died from his injuries. The stabbing incident is not the first time that HAJ has been exposed to mother's erratic and dangerous behavior, as mother has a history of severe mental health issues and has attempted to harm herself on multiple occasions. In one instance, for example, mother left HAJ alone at home while she ran down the street with a knife; on another occasion, mother poured boiling water over her own head in an attempt to commit suicide. DHHS also provided evidence that mother's home was dirty, the kitchen was full of rotten food, and there were many "disturbing" murals and writings painted on the walls. Considering the risk of harm HAJ is likely to experience if mother were to retain her parental rights, we agree with the trial court's conclusion that termination was in HAJ's best interests.

Mother further argues the trial court erred in its best-interest determination because HAJ was placed in the care of a relative, which weighs against termination. However, mother overlooks that the trial court explicitly considered HAJ's placement with her aunt and ultimately concluded

that the risk of harm to HAJ "outweigh[ed] the relative placement factor in the mother's case." We again agree with the trial court. While relative placement does weigh against termination, it is just one of many factors a court may consider in its determination. See *In re White*, 303 Mich App at 713-714. As previously discussed, mother has a history of severe mental illness. Her actions caused severe physical injury to HAJ, and ultimately resulted in the death of her son, MAJ. Thus, we conclude that even though HAJ was placed with a relative caregiver, the risk of harm that HAJ is likely to experience in mother's care outweighs any factor against termination. Thus, the trial court did not err by finding that termination was in HAJ's best interests.

## B. ADA ACCOMMODATIONS

In relation to her best-interests argument, mother also argues that DHHS had an obligation under the Americans with Disabilities Act, 42 USC 12101 *et seq.*, to ensure that she was not excluded from the benefit of services offered, and that DHHS failed to accommodate her disability or provide her with services to address her mental health issues. We disagree.

A claim that a parent's rights under the ADA have been violated "must be raised well before a dispositional hearing regarding whether to terminate her parental rights, and the failure to timely raise the issue constitutes a waiver." *In re Sanborn*, 337 Mich App 252, 263 n 3; 976 NW2d 44 (2021) (quotation marks and citation omitted). Mother did not raise this issue in the trial court, and instead raises it for the first time on appeal. We "review unpreserved claims for plain error affecting substantial rights." *Id.* (citation omitted). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008) (citation omitted).

In general, "DHHS has a duty to make reasonable efforts to reunify a child with his or her parent." *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017). Further, in cases where a parent is entitled to accommodations under the ADA, DHHS must make "reasonable modifications to the services or programs offered to a disabled parent[.]" *Id.* at 86. However, under MCL 712A.19a(2), DHHS is *not* required to make reasonable efforts toward reunification if "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PS 238, MCL 722.638." Under MCL 722.638(1)(a), "[m]urder or attempted murder" constitutes an aggravated circumstance. Here, the trial court made a judicial determination that mother's attempted murder of HAJ and MAJ was an aggravated circumstance and concluded that "[r]reasonable efforts [were] not required to prevent or eliminate the children's removal from the home." Thus, DHHS was not required to make reasonable efforts toward reunification, nor was it required to offer her ADA accommodations. See *In re Hicks/Brown*, 500 Mich at 86. Mother's argument must fail.

## III. CONCLUSION

The trial court did not clearly err when it determined the termination of mother's parental rights was in HAJ's best interests. Further, DHHS was not required to provide mother with ADA accommodations or reunification services under the circumstances presented in this case.

Affirmed.

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick